**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-40416
(Summary Calendar)

CLEO MICK JILES, also known as Abdul Shadhid,

Plaintiff-Appellant,

versus

ALLAN POLUNSKY, Chairman, TDCJ-ID; TDCJ-ID;
JERRY GROOM, Chaplain, TDCJ-ID,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas, Tyler
(6:99-CV-741)

December 18, 2000
Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Cleo Mick Jiles ("Jiles"), Texas prisoner No. 563081also known as Abdul Matin Shadhid,

appeals from the district court's dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), of his

42 U.S.C. § 1983 claim. For the following reasons, we affirm.

Proceeding pro se, Jiles filed a § 1983 claim against the Texas Board of Criminal Justice,

Board Chairman Allan Polunsky, and Chaplain Jerry Groom of the Texas Department of Criminal

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Justice-Institutional Division ("TDCJ-ID"). In his complaint, Jiles claimed that TDCJ-ID's grooming policy, which does not allow inmates to wear a 1/4-inch beard, violates his rights under the Free Exercise Clause of the First Amendment because it prevents him from growing a beard in accordance with the teachings of his Muslim religion. He asserted that while Muslim inmates are not permitted to grow a 1/4-inch beard for religious reasons, other inmates have been allowed to grow even longer beards for medical reasons. Jiles sought class certification on behalf of all "similarly situated" present and future TDCJ-ID inmates.

Noting that this Court held in Powell v. Estelle, 959 F.2d 22 (5th Cir. 1992) that TDCJ-ID's policy of requiring inmates to be clean shaven and to wear short hair did not violate Muslim inmates' First Amendment rights, the magistrate judge found that Jiles' complaint was frivolous because it had no arguable basis in law and failed to state a claim for which relief could be granted. Adopting the magistrate judge's findings of fact and conclusions of law, the district court dismissed Jiles' complaint with prejudice. The court did not specifically address Jiles' motion for class certification but entered a general order denying all motions on which it had not previously ruled. Jiles now appeals.

While the present case was pending, this Court decided Green v. Polunsky, 229 F.3d 486 (5th Cir. 2000), a similar case brought by a Texas inmate challenging the same TDCJ-ID policy that Jiles challenges. In Green, this Court found that the challenged grooming policy is reasonably related to legitimate penological interests and did not unduly infringe on the Muslim inmate's rights. Green, 229 F.3d at 491. As we are bound by the holding of Green, we AFFIRM the district court's dismissal of Jiles' complaint.

AFFIRMED.